

December 15, 2020

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
PreskaNYSDChambers@nysd.uscourts.gov

**VIA ECF and Email**

      RE:    *U.S. v. Anthony Moore,* Dkt. 1:14-CR-483-11 (LAP)
                **Unopposed Letter Motion for Early Termination of Supervised Release**

Dear Judge Preska:

    I write on behalf of Anthony Moore, defendant in the above captioned case, to respectfully request that Your Honor discharge Mr. Moore from the remainder of his supervised release term that is set to expire in April 2021. I have conferred with AUSA Emil Bove, who has received an advance copy of this motion and has confirmed that the United States does not oppose early termination.[1]

**Background**

    Mr. Moore was a middle-aged heroin addict who was convicted by plea in 2015 as one of the high-volume purchasers from the Israel Reyes drug trafficking organization. Mr. Moore and a handful of other users traveled from Connecticut to the Bronx, where they were able to purchase larger quantities of heroin at cheaper prices, primarily but not exclusively for their own use. Under his plea agreement, Mr. Moore accepted responsibility for the purchase of 108g of heroin.

    As noted in the defense sentencing submission, Mr. Moore presented the case of an individual who desperately needed, and wanted, help to free himself from drug addiction; but his repeated

---

[1] The original AUSAs assigned to this case, Shawn Crowley and Brendan Quigley, are no longer with the U.S. Attorney's Office. AUSA Bove is handling this case in Ms. Crowley's stead.

interactions with the criminal justice system over a time span of nearly thirty years had acted instead as a revolving door of sorts, punishing him for his drug use through incarceration, without ever doing anything to help him recover from his addiction and thus actually prevent recidivism. Although his tortured criminal history – all of it addiction-related – gave Mr. Moore the status of a career offender in this case, we asked this Court to take the courageous step of disregarding his career offender guidelines and to treat Mr. Moore as an individual who himself was victimized by drugs and who just needed help; as a grandfather whose life had been all but destroyed by his addiction, but who still had the desire and ability to beat it and to live a healthy and productive life if just given the chance. In February 2016, after he had been incarcerated for approximately one year at the MDC, Your Honor took that chance, and sentenced Mr. Moore to time served, followed by five years of supervised release beginning with an inpatient treatment program.

### Performance on Supervised Release

I am pleased to report to the Court that Mr. Moore has met or exceeded all expectations on supervised release. He successfully completed his residential treatment program with the Salvation Army Adult Rehabilitation Center in February 2017. Since then he has lived in a sober living apartment, maintained steady employment, and has not had a single dirty urine or any other type of violation in nearly five years. He continues to attend Narcotics Anonymous meetings (held virtually in the age of Covid-19), and prior to the pandemic had even spent three years as a weekly participant in an addiction panel at Mt. Sinai hospital in Hartford, talking to other addicts about his own story and helping them realize that there is still hope, and that recovery is possible.

I have personally verified Mr. Moore's employment (he works an average of 40 hours per week at Home Goods in Bloomfield, Connecticut), as well as his program graduation and weekly N.A. participation. An inquiry to the Probation Office providing courtesy supervision to Mr. Moore in the District of Connecticut further revealed that he has had "no issues," no negative urines, and no violations

since he began supervision in April 2016. In short, Mr. Moore is a success story, and there is no longer a need for him to remain on supervised release.

### Legal Standard for Early Termination of Supervised Release

18 U.S.C. § 3583(e)(1) provides that "[t]he court may…terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is (1) warranted by the conduct of the defendant released and (2) the interest of justice." District courts have the discretion to make such a determination (*see United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997)), and are not limited to an examination of "new or changed circumstances." *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Mr. Moore will turn 57 years old in two weeks. He has now been on supervised release for approximately four years and eight months, out of the five years to which he was sentenced. He has clearly surpassed the one-year requirement, and his conduct has been exemplary. Nor does the interest of justice require any further supervision. He has been on electronic check-in for more than a year now with no problems. Society no longer needs to be protected from Mr. Moore. He has done everything that has been asked of him by this Court, as well as everything that he had promised Your Honor when he stood before you at sentencing.[2]

### Conclusion

In his letter to the Court when he was sentenced, Mr. Moore said he felt "fortunate to be here today given my long history of drug abuse and addiction." Given the chance, he said, "I know I can be a productive member of society again with the help of my family and friends. I am not a young man anymore. I know how much work I have to do to stay clean and sober. I have a much stronger support system now when I am released from prison than I ever had before….I honestly feel this is my last

---

[2] *See* Letter from Defendant Anthony Moore, Exh. 1 to Defense Sentencing Submission, Dkt. 238-1 (February 3, 2016), pp. 2-4.

chance at life. I know I will succeed this time. I will become the father, son, brother, friend who respects people, respects the law, and most of all, respects myself."[3] And he has indeed succeeded.

Mr. Moore is deeply grateful to Your Honor for seeing him as a human being, and for giving him the opportunity to finally beat his addiction. He is happier now than he has ever been. He has a new grandchild, with whom he looks forward to spending much of his free time once the pandemic is over. Most importantly, he has shown the ability and determination not only to overcome his addiction and to comply with all of the terms and conditions of his supervised release, but to fully reintegrate himself into his family and society as a productive, responsible and law-abiding citizen who is committed not only to helping himself, but helping others as well.

For all of the above reasons, I respectfully request that <u>this Court grant Mr. Moore's request for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1)</u>.

```
With congratulations to Mr. Moore, his
supervised release is terminated effective
immediately.
SO ORDERED.

Dated:     December 16, 2020
           New York, New York
```

*[signature]*
LORETTA A. PRESKA, U.S.D.J.

Respectfully submitted,

/s/

Joshua M. Paulson
Attorney for Anthony Moore

*Of Counsel*
Miedel & Mysliwiec LLP
80 Broad Street, Ste 1900
New York, NY 10004
(646) 250-7273
paulson@jpaulsonlegal.com

CC:   AUSA Emil Bove (via email)
      USPO Ed Johnson (via email)

---

[3] *Id.*, p. 4.